Bret A. Stone   SBN 190161   BStone@PaladinLaw.com
Paladin Law Group® LLP
220 W. Gutierrez Street
Santa Barbara, CA  93101
Telephone: (805) 898-9700
Facsimile:   (805) 852-2495

Counsel for Kerry Bryant and Nancy Bryant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY BRYANT, an individual; and NANCY BRYANT, an individual,<br><br>*Plaintiff*,<br><br>*v.*<br><br>TIMOTHY TAYLOR, an individual; and LYNDA SMITH, an individual,<br><br>*Defendants*, | Case No.<br><br>COMPLAINT FOR:<br><br>1. Cost Recovery – CERCLA § 107(a)<br>2. Declaratory Relief – CERCLA § 113(g) |

Plaintiffs Kerry Bryant and Nancy Bryant (collectively, "Plaintiffs") bring this action against Timothy Taylor and Lynda Smith (collectively, "Defendants") and alleges upon knowledge as to his own acts, and upon information and belief as to the acts of all others, as follows:

**NATURE OF THE ACTION**

1. Plaintiffs file this third party action in defense of claims against them in order to avoid or minimize his alleged liability associated with responding to directives by the California Regional Water Quality Control Board – San Francisco Bay Region ("RWQCB") related to alleged environmental contamination.

2. The area of alleged contamination for which Plaintiff seeks relief includes the property located at 293-295 MacArthur Boulevard, San Leandro, California (the "Property") and areas to which the contamination has migrated outside the boundaries of the Property (the "Site").

## PARTIES

*Plaintiff*

3. Kerry Bryant is an individual and owner of the Property.

4. Nancy Bryant is an individual and owner of the Property.

*Defendants*

5. Timothy Taylor is an individual who operated a dry cleaning business at the Property known as Leader Cleaners from approximately 1978 to 1980.

6. Lynda Smith (formerly Lynda Taylor) is an individual who operated a dry cleaning business at the Property known as Leader Cleaners from approximately 1978 to 1980.

## JURISDICTION, VENUE, AND NOTICE

7. This Court has jurisdiction over the subject matter of Plaintiff's First and Second Causes of Action pursuant to sections 107 and 113(g) of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"). 42 U.S.C. § 9607; 42 U.S.C. § 9613(g).

8. Venue is proper in this Court pursuant to CERCLA § 113(b) because the alleged release and damage occurred in this judicial district. 42 U.S.C. § 9613(b).

9. Plaintiffs have satisfied all jurisdictional prerequisites to filing this Complaint.

## GENERAL ALLEGATIONS

10. The Site has allegedly been impacted by the presence of tetrachloroethylene ("PCE"), a hazardous substance.

11. Each Defendant caused or contributed to the past or present handling, storage, treatment, transportation, generation, release, or disposal of hazardous substances, hazardous waste, and/or solid waste in the environment in, at, and around the Site, including soil, land, subsurface strata, air, vapor, groundwater, surface water, and the waters of the state of California, because each Defendant released or otherwise discarded hazardous substances, hazardous waste, and/or solid waste, or controlled and/or operated the Site and business from which hazardous substances, hazardous waste, and/or solid waste were released or otherwise discarded, and failed to prevent or abate the hazardous substances, hazardous waste, and/or solid waste contamination.



12. As a result of and in response to Defendants' releases of hazardous substances, Plaintiffs have incurred costs to respond to the RWQCB directives and will incur costs for initial monitoring and investigation of the soil, soil vapor, groundwater, and indoor air.

**FIRST CAUSE OF ACTION**
**(Cost Recovery – CERCLA § 107(a))**
**(Against All Defendants)**

13. Plaintiffs reallege and incorporate by reference the allegations set forth above in paragraphs 1 through 19, inclusive, as though set forth in full herein.

14. Defendants used, processed, produced, stored, treated, and/or generated hazardous substances in the course of their dry cleaning operation at the Property.

15. Defendants caused or contributed to the spilling, leaking, disposal, and release of hazardous substances in the course of their dry cleaning operations at the Property thereby creating the alleged hazardous substance contamination at the Site.

16. As a result of and in response to Defendants' releases of hazardous substances, Plaintiffs have incurred costs to respond to the RWQCB directives and will incur costs for initial monitoring and investigation of the soil, soil vapor, groundwater, and indoor air.

17. Defendants transported or arranged for transport of hazardous substances which they owned or possessed to the Property, and stored, treated, and disposed of hazardous substances at the Property, and otherwise owned, handled, and operated the Property during the time that hazardous substances were disposed of at the Site. Defendants are thereby jointly and severally liable under CERCLA § 107(a), 42 U.S.C. § 9607(a).

18. The Site is a "facility," as that term is defined in CERCLA § 101(9), 42 U.S.C. § 9601(9).

19. A "release" or threatened release of PCE and other "hazardous substances," as those terms are defined in CERCLA §§ 101(22), (14), 42 U.S.C. §§ 9601(22), (14), has occurred at the Site.

20. Plaintiffs have incurred costs to respond to the RWQCB directives and will incur necessary response costs to investigate, remove, and remediate the environmental contamination at the Site consistent with the National Contingency Plan.



21. Defendants are strictly liable to Plaintiffs for the costs referred to above and for interest on those costs pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a).

**SECOND CAUSE OF ACTION**
**(Cost Recovery – Declaratory Relief — CERCLA § 113(g) and 28 U.S.C. § 2201 *et seq.*)**
**(Against All Defendants)**

22. Plaintiff realleges and incorporates by reference the allegations set forth above in paragraphs 1 through 28, inclusive, as though set forth in full herein.

23. An actual legal controversy exists between Plaintiffs, on the one hand, and Defendants, on the other hand. Plaintiffs contends that they are entitled to a declaration that Defendants are liable under CERCLA for all past, present, and future response costs and other damages incurred by Plaintiffs in connection with the Site. Plaintiffs are informed and believe that Defendants contend otherwise.

24. Plaintiffs desire and are entitled to a declaration of the parties' respective rights and duties pursuant to CERCLA § 113(g), 42 U.S.C. § 9613(g) and 28 U.S.C. § 2201 *et seq*. No adequate or speedy remedy exists for Plaintiffs in the absence of such a judicial declaration. Accordingly, Plaintiffs hereby request a declaration from the Court setting forth Plaintiffs' and Defendants' liability for past, present and future response, removal and remediation costs, and other penalties and/or damages imposed on Plaintiffs in connection with the Site.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that judgment be entered in his favor for the following:

1. For a preliminary and permanent injunction requiring Defendants to undertake at their sole cost and consistent with the National Oil and Hazardous Substances Pollution Contingency Plan (the "NCP") at 40 C.F.R. Part 300, all actions necessary to investigate and abate the nuisance conditions and endangerments to health or the environment that may be presented by Defendants' use and disposal of "hazardous substances" as alleged above.

2. For a declaration that Defendants are liable under CERCLA for all past, present, and future response costs and other costs which may be incurred by Plaintiffs at the Site.

3. For an award to Plaintiffs for their costs of litigation, including attorneys' fees and expert witness fees pursuant to Civ. Proc. Code §§ 1021.5 and 1021.6 and written contract;



-- 4 --

4. For prejudgment and post-judgment interest;

5. For all costs of suit herein;

6. For such other and further relief as this Court deems just and proper.

Dated: April 9, 2021                    PALADIN LAW GROUP® LLP

By: /s/  *Bret A. Stone*
    Bret A. Stone
    Counsel for Bryant

